# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JAN 1 7 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

January 13, 2012

James N. Hatten
Richard B. Russell Bldg & US Courthouse
75 SPRING ST SW
STE 2211
ATLANTA, GA 30303-3309

Appeal Number: 11-12023-DD
Case Style: Racetrac Petroleum, Inc. v. Ace American Ins. Co.
District Court Docket No: 1:10-cv-02162-WSD

The enclosed judgment is hereby issued as the mandate of this court.

The record on appeal will be returned to you at a later date.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Tonya L. Richardson
Phone #: (404) 335-6176

Enclosure(s)

MDT-1 Letter Issuing Mandate

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

**UNITED STATES COURT OF APPEALS**
**For the Eleventh Circuit**

JAN 1 7 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

No. 11-12023

District Court Docket No.
1:10-cv-02162-WSD

| FILED |
| U.S. COURT OF APPEALS |
| ELEVENTH CIRCUIT |
| NOVEMBER 3, 2011 |
| JOHN LEY |
| CLERK |

RACETRAC PETROLEUM, INC.,
a Georgia Corporation,

Plaintiff - Appellant,

versus

ACE AMERICAN INSURANCE COMPANY,
a Pennsylvania Corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court for the
Northern District of Georgia

_____

JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by
reference, is entered as the judgment of this Court.

Entered: November 03, 2011
For the Court: John Ley, Clerk of Court
By: Jeff R. Patch

A True Copy - Attested:
Clerk, U.S. Court of Appeals
Eleventh Circuit

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12023
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cv-02162-WSD

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 17 2012

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOVEMBER 3, 2011
JOHN LEY
CLERK

RACETRAC PETROLEUM, INC.,
a Georgia Corporation,

Plaintiff - Appellant,

versus

ACE AMERICAN INSURANCE COMPANY,
a Pennsylvania Corporation,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 3, 2011)

Before EDMONDSON, WILSON, and KRAVITCH, Circuit Judges.

PER CURIAM:

A True Copy - Attested:
Clerk, U.S. Court of Appeals,
Eleventh Circuit

This case involves an interpretation of the commercial general liability insurance policies that Racetrac Petroleum, Inc. ("Racetrac") purchased from Ace American Insurance Company ("ACE"). Racetrac was sued by two individuals who claim they suffered personal injuries as a result of exposure to Racetrac's gasoline products. When ACE refused to cover Racetrac for those claims, Racetrac sought a declaratory judgment, claiming that the policies covered their excess liability. The district court found that Racetrac failed to state a claim for declaratory relief upon which relief may be granted and dismissed Racetrac's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court found that the pollution exclusion clause in the policies precluded coverage. Racetrac now appeals.

After carefully reviewing the record and the district court's order, we conclude that the court properly granted the motion to dismiss. The pollution exclusion provision in the policies expressly excludes coverage for injuries caused by "any substance if such substance has, or is alleged to have, the effect of making the [air] impure, harmful, or dangerous," including the air within a structure. As the district court correctly found, Racetrac seeks coverage for the injured employees' claims that "allege that the gasoline vapor, and specifically the toxic benzene contained in it, made the air they inhaled impure, harmful, and dangerous,

2

which resulted in their claimed physical injuries." Such claims fall squarely within the policies' pollution exclusion.

We also agree with the district court that the pollution exclusion does not violate Georgia public policy since the liability insurance policies at issue are primarily intended to provide Racetrac with coverage for the countless other risks associated with operating convenience stores.

**AFFIRMED.**

3